UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STERLING EQUIPMENT, INC. | ) |
| | ) |
| *Plaintiff* | ) |
| | ) C.A. No. 1:16-cv-11594-RGS |
| v. | ) |
| | ) |
| WENDY GIBSON and | ) |
| JOHN DOE NOS. 1-20 | ) |
| | ) |
| *Defendants.* | ) |

**STERLING EQUIPMENT, INC.'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, Plaintiff Sterling Equipment, Inc. ("SEI"), bu its undersigned counsel, hereby moves for summary judgment on all counts of its complaint which are plead against defendant Wendy Gibson ("Gibson"). The grounds for this motion are set forth more fully in the accompanying memorandum of law, statement of undisputed facts and supporting affidavits and exhibits thereto.

In further support, SEI states as follows:

Plaintiff SEI is seeking to recover a $198,000 (the "Funds") fraudulent wire transfer, committed on August 22, 2014, from its bank account with Santander Bank (the "Fraudulent Wire Transfer"). The Defendant, Wendy Gibson, was SEI's controller at the time of the Fraudulent Wire Transfer. The Fraudulent Wire Transfer originated from instructions entered into Gibson's SEI laptop, on the Santander wire transfer portal under Gibson's login and password. The Fraudulent Wire Transfer was then released using a temporary six digit release code, generated by a secure PIN Fob which had been specifically assigned to Gibson, which was

{W6318224.1}

in Gibson's possession at the time and which generated the temporary release code only when Gibson input her secret, personal four digit PIN. None of this is contested.

Gibson later claimed that her laptop which issued the wire transfer had been "hacked." However, two different computer forensic investigations of her computer found absolutely no evidence of a virus, malware or any other third-party interloper into Gibson's laptop. Gibson, who personally created and has refused to turn over a copy of her hard drive from her laptop has also failed to provide any evidence whatsoever of a computer virus or third-party interloper.

Regardless, even if Gibson's laptop had been "hacked," the Fraudulent Wire Transfer could not be released absent the six digit release code which was generated by the specific PIN Fob assigned to Gibson. Gibson does not claim and Santander Bank has stated that it has never happened, that her personal PIN Fob was "hacked" nor does Gibson claim that her personal PIN Fob was in the possession of anyone else or that she provided her personal PIN to the PIN Fob to anyone else on the day of the Fraudulent Wire Transfer.

Finally, since the Fraudulent Wire Transfer, from the limited financial records Gibson has produced or which SEI has otherwise received through third-party discovery, Gibson has received into her bank accounts more than $75,000 in deposits for which she can provide no explanation. In addition, Gibson has, since the Fraudulent Wire Transfer, undertaken a pattern of conspicuous consumption purchasing or leasing new $50,000 automobiles in 2014, 2015 and 2016.

In essence, Gibson's defense to the obvious fact that she committed and has profited from the Fraudulent Wire Transfer is that she looks so guilty that she cannot be. Of course, this is no defense at all.

WHEREFORE, for the above-describes reasons, as set forth more fully in the accompanying memorandum of law, statement of undisputed facts and supporting affidavits and exhibits thereto, SEI respectfully submits that it is entitled to summary judgment on Counts I, III, V of its complaint against Wendy Gibson and is entitled to a judgment including, but not limited to, a return of the stolen Funds, return of all compensation paid to Gibson since the date of the Fraudulent Wire Transfer and all costs of investigation and collection including reasonable attorneys' fees.

### Request for Oral Argument

Pursuant to Local Rule 7.1(d), SEI respectfully requests that this Court schedule a hearing for oral argument on this motion for partial summary judgment.

Respectfully submitted,

STERLING EQUIPMENT, INC.

By its counsel,

*/s/ Jeffrey E. Francis*
Jeffrey E. Francis (BBO #639944)
jfrancis@pierceatwood.com
Pierce Atwood LLP
100 Summer Street, Suite #2250
Boston, Massachusetts 02110
(T) 617-488-8136

### Local Rule 7.1 Certification

Pursuant to Local Rule 7.1, on August 31, 2017, I attempted to confer by telephone with counsel for defendant Wendy Gibson concerning this motion and the relief requested herein. I left defendant's counsel a voicemail concerning the motion and requesting to meet and confer. However, I was unable to reach defendant's counsel to discuss this motion further.

*/s/ Jeffrey E. Francis*
Jeffrey E. Francis

## CERTIFICATE OF SERVICE

      I hereby certify that on August 31, 2017, I electronically filed the above motion and related documents by using the CM/ECF system which will send notification of such filing(s) to all registered participants.

                                                    */s/ Jeffrey E. Francis*
                                                    Jeffrey E. Francis