UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11594-RGS

STERLING EQUIPMENT, INC.

v.

WENDY GIBSON and JOHN DOE NOS. 1-20

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

October 3, 2017

STEARNS, D.J.

Plaintiff Sterling Equipment, Inc. (SEI) asserts various tort claims against a former employee, Wendy Gibson, alleging that she caused a fraudulent transfer of company funds while serving as SEI's controller.[1] The Complaint alleges that Gibson, in concert with undisclosed and unidentified co-conspirators, wired $198,000 from SEI's Santander bank account to a Latvian bank (also named as the beneficiary). SEI alleges that Gibson used her access credentials to make the transfer, appropriated the funds for her

---

[1] Specifically, the Counts listed in the Complaint are: Conversion (Count 1), brought against both Gibson and John Doe defendants; Aiding and Abetting Conversion (Count II), brought against both Gibson and John Doe defendants; Breach of Fiduciary Duty and Breach of the Duty of Loyalty (Count III), brought against Gibson; Aiding and Abetting Breach of Fiduciary Duties and Duty of Loyalty (Count IV), brought against John Doe defendants; and Fraud (Count V), brought against Gibson.

own use, and then took steps to cover up the fraud. Gibson has denied these allegations, including in a sworn deposition, and has identified another SEI employee as the likely culprit.

Because there remains a genuine dispute of fact as to who actually effected the transfer of the funds – and because the answer to this question turns on the credibility of Gibson and other individuals caught up in the case – the court will deny SEI's Motion for Partial Summary Judgment, Dkt # 22. It is axiomatic that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). *See also Domínguez-Cruz v. Suttle Caribe, Inc.*, 202 F.3d 424, 432 (1st Cir. 2000) (noting that "[a]t the summary judgment stage . . . the court should not engage in credibility assessments").

In short, even where the facts as alleged indicate that "Something is rotten in the state of Denmark,"[2] it is not appropriate for the court on a motion for summary judgment to assign blame so long as there remains a

---

[2] William Shakespeare, Hamlet act 1, sc. 4 1036 (Shakespeare, Complete Works, Tudor ed. 1951) (1603)

genuine dispute as to who is at fault.  Whodunits, absent definitive proof, are best left to the jury to parcel out.

ORDER

For the foregoing reasons, SEI's Motion for Partial Summary Judgment is DENIED.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE