UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STERLING EQUIPMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> WENDY GIBSON, <br><br> Defendant. | C.A. No. 1:16-CV-11594-RGS |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE ANY EVIDENCE OF OR REFERENCE TO INSURANCE PROCEEDS RECEIVED IN CONNECTION WITH THE FRAUDULENT WIRE TRANSFER**

Plaintiff Sterling Equipment, Inc. ("SEI"), by its attorneys, Pierce Atwood LLP, hereby respectfully submits this motion *in limine* requesting that the Court preclude Defendant Wendy Gibson ("Gibson") from offering evidence of or making reference to any insurance proceeds received by SEI in connection with the August 22, 2014 fraudulent wire transfer allegedly effectuated by Gibson.

SEI seeks to recover a $198,000 fraudulent wire transfer effectuated by Gibson, who was SEI's controller at the time of the fraudulent transfer. In its Complaint, SEI brings four tort law claims against Gibson. Specifically, SEI brings the following Massachusetts state law causes of action based on Gibson's illegal wire transfer of SEI funds to an overseas bank account: (1) conversion, (2) aiding and abetting conversion, (3) breach of fiduciary duty, and (4) fraud.

By this motion, SEI requests that the Court apply the well-established "collateral source rule" to prelude Gibson from offering any evidence of or making reference to any insurance proceeds that SEI received in connection with the fraudulent transfer.

{W6393603.1}

## Argument

The collateral source rule functions as both a substantive and evidentiary rule of law. *Fitzgerald v. Expressway Sewerage Const., Inc.*, 177 F.3d 71, 73-75 (1st Cir. 1999). First, the rule functions as a substantive rule of damages. Under Massachusetts law, this rule of damages provides that "compensation received from a third party unrelated to a tortfeasor-defendant (the collateral source) will not diminish an injured party's recovery from that tortfeasor." *Fitzgerald*, 177 F.3d at 73 (citing *Jones v. Wayland*, 374 Mass. 249, 262 (1978) and *Goldstein v. Gontarz*, 364 Mass. 800, 809 (1974)); *see also Law v. Griffith*, 457 Mass. 349, 355-56 (2010) ("The purpose of the collateral source rule is tort deterrence. The tortfeasor is required to compensate the injured party for the fair value of the harm caused, and is not to benefit from either contractual arrangements of the injured party with insurers or from any gifts from others intended for the injured party."); Restatement (Second) of Torts § 920A (1979) ("Payments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable."). Because the substantive law of Massachusetts governs the Massachusetts state tort law claims plead in this diversity suit, *see Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), "the Massachusetts collateral source rule must be given full credit in this case *as a rule of damages*." *Fitzgerald*, 177 F.3d at 74. Accordingly, any insurance proceeds that SEI has received in connection with the fraudulent transfer effectuated by Gibson shall not be credited against Gibson's liability for making such transfer.

Second, the collateral source rule functions as an evidentiary rule governing whether a party may introduce proof of collateral source payments into evidence. *Fitzgerald*, 177 F.3d at 73. Under this rule, evidence of collateral benefits received by a plaintiff is generally

inadmissible. *Id.* ("Implementation of the [collateral source] rule necessarily gives rise to an evidentiary analogue. . . . [which] customarily bars the introduction of proof of collateral source payments made to a plaintiff." (internal citation omitted)).

In diversity cases such as this, the federal evidentiary rules—specifically, Rules 401, 402, and 403 of the Federal Rules of Evidence—govern. *Id.* at 74. A party may not introduce evidence of insurance proceeds unless such evidence is both relevant and not unfairly prejudicial, and is not offered for the purpose of showing that the plaintiff has already received compensation for its injuries. *Id.*; *see England v. Reinauer Trans. Companies, L.P.*, 194 F.3d 265, 273 (1st Cir. 1999); *Law*, 930 N.E.2d at 355 (explaining that because "outside source compensation does not reduce defendant's liability; evidence of such compensation [is] not admissible because jurors might be led by the irrelevancy to reduce or deny recovery.") (quotation marks and citation omitted).

Here, evidence of any insurance proceeds received by SEI have no relevance to the claims and defenses in this case, which boil down to whether Gibson effectuated the fraudulent wire transfer through her password-protected business account at Santander Bank and released the misappropriated funds using the six-digit code that originated from her individually-assigned PIN Fob. For these reasons, under the evidentiary strand of the collateral source rule, Gibson may not offer evidence of any insurance proceeds received by SEI.

WHEREFORE, Plaintiff SEI respectfully requests that this Honorable Court preclude Gibson from offering any evidence of or making reference to any insurance proceeds received by SEI in connection with the August 22, 2014 fraudulent wire transfer allegedly effectuated by Gibson.

Dated:  December 22, 2017

                              Respectfully submitted,

                              STERLING EQUIPMENT, INC.

                              By its attorneys,

                              */s/ Jeffrey E. Francis*
                              Jeffrey E. Francis (BBO No. 639944)
                              jfrancis@pierceatwood.com
                              Michael Derderian (BBO #682757)
                              mderderian@pierceatwood.com
                              PIERCE ATWOOD LLP
                              100 Summer Street, 22nd Floor
                              Boston, MA 02110
                              617-488-8136


## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I certify that I conferred with counsel for the Defendant and attempted in good faith to resolve or narrow the issues in this Motion, but have been unable to do so.

                              */s/ Jeffrey E. Francis*
                              Jeffrey E. Francis


## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2017, I electronically filed the above motion and related documents by using the CM/ECF system which will send notification of such filing(s) to all registered participants.

                              */s/ Jeffrey E. Francis*
                              Jeffrey E. Francis