UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STERLING EQUIPMENT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WENDY GIBSON, )<br>)<br>Defendants. )<br>) | C.A. No. 1:16-CV-11594-RGS |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
DEFENDANT'S PERSONAL LOANS AND CREDIT CARD ADVANCES**

Plaintiff Sterling Equipment, Inc. ("SEI"), by its attorneys, Pierce Atwood LLP, hereby submits this motion *in limine* respectfully requesting that this Court preclude Defendant Wendy Gibson ("Gibson") from offering evidence at trial of any personal loans or credit card advances that she received which she claims explain the deposit of large sums of money into her bank account following the August 22, 2014 fraudulent wire transfer that she is alleged to have effectuated.

**I. Background**

At summary judgment, Gibson did not dispute the following facts: (1) that the fraudulent wire transfer was issued from Gibson's laptop, (2) pursuant to wire transfer instructions that had been entered into Santander Bank's wire transfer portal using Gibson's login and password, (3) that the fraudulent wire transfer was released with a six-digit release code generated by Gibson's personal, unique PIN Fob after Gibson's personal PIN had been entered, and (4) that no computer virus or third-party interloper was responsible for the fraudulent transfer. Adding to

these incriminating facts is the existence of large sums of unexplained funds that were deposited into Gibson's personal bank account following the fraudulent wire transfer.

During her deposition, Gibson repeatedly testified that she did not know the source of tens of thousands of dollars that had been deposited into her bank account following the fraudulent wire transfer. *See* Francis Aff., Ex. A, Transcript of Deposition of Wendy Gibson ("Gibson Dep. Tr."), 108:9-109:15; 114:16-116:20; 117:16-21. She then changed her story in opposing summary judgment. In an affidavit supporting her opposition to SEI's motion for summary judgment, Gibson claimed for the first time in this litigation that certain of the unexplained funds consisted of monies borrowed via personal loans and credit card advances from unspecified financial institutions. *See* Affidavit of Wendy Gibson ¶¶ 6-10 [Dckt. # 29-6]. In this affidavit, Ms. Gibson lists two personal loans from an unspecified bank and two credit card advances from an unspecified lender, together totaling over $58,000. *Id.* ¶ 10. Gibson does not explain how these purported loans and credit card advances can be connected to any of the specific deposits into her bank accounts that she has heretofore been unable to source.

After nearly a year of discovery, Gibson has failed to produce even a single document referencing any loan or credit card advance that would explain the mysterious deposits of such large sums of money. Ms. Gibson neither disclosed nor described such records in her initial disclosures, nor did she produce or describe such records in response to SEI's relevant document requests and interrogatories.[1] In addition, she has never supplemented her Rule 26(a)

---

[1] In discovery, SEI requested, among other requests, that Gibson produce "All Documents Concerning all banks, personal and/or other entities from whom [Gibson] has borrowed any monies and identify the date of the credit application, the amount borrowed, the amount repaid, the account number, the terms of the loan and the current status of the loan." Francis Aff., Ex. D, Pl.'s First Request for Prod. Doc. #7. SEI also propounded a similarly-worded interrogatory requesting that Gibson identify and provide information on any borrowed monies. Francis Aff., Ex. E, Pl's First Set Interrog. #10.

disclosures, document productions, or interrogatory responses to disclose this information. *See* Rule 26(e)(1). As a consequence, pursuant to Federal Rules of Civil Procedure 26 and 37, Gibson must be precluded from relying on such vague, undisclosed sources of funds at trial.

## II. Argument

### A. As a result of Gibson's failure to meet her discovery obligations, Gibson cannot rely on evidence that she received personal loans or credit card advances at trial

Rule 26 specifies the key information that must be disclosed to an opposing party, including "all documents . . . the disclosing party . . . may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). Further, a party must supplement its initial disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1). Rule 37 gives these requirements teeth—a party "fail[ing] to provide information . . . as required by Rule 26(a) or (c) . . . is not allowed to use that information . . . at a hearing or at trial unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

Courts have interpreted these two rules to establish a "near automatic exclusion of Rule 26 information that is not timely disclosed." *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 20 (1st Cir. 2001). The First Circuit has solidified this principal in explaining that "[f]ailure to comply with disclosure obligations can have severe consequences" in that "Rule 37 authorizes district courts to sanction noncomplying parties." *Harriman v. Hancock Cty.*, 627 F.3d 22, 29 (1st Cir. 2010). "The baseline rule is that 'the required sanction in the ordinary case is mandatory preclusion.'" *Id.* (quoting *Santiago–Diaz v. Laboratorio Clinico Y De Referencia Del Este*, 456 F.3d 272, 276 (1st Cir. 2006)).

In her defense, Gibson plans to rely upon the existence of, still to this day, undisclosed and undocumented personal loans and credit card advances to explain the source of the large sums of monies deposited into her personal bank account following the August 22, 2014 fraudulent wire transfer. Despite being obligated to disclose information concerning these accounts under Rule 26 and in response to SEI's discovery requests, Gibson has not done so and has not demonstrated that her failure to disclose this evidence was either justified or harmless. *See Wilson*, 250 F.3d at 21. Since she has failed to meet, or even attempted to meet, her discovery obligations as to this evidence, it must be excluded at trial.

**B. Under the Best Evidence Rule and Rule Against Hearsay, Gibson may not offer evidence that her purported personal loans or credit card advances represent the unexplained funds discovered in Gibson's account**

Any testimony as to whether the personal loans or credit card advances that Ms. Gibson lists in her affidavit filed in opposition to SEI's motion for summary judgment represent the unexplained funds discovered in Gibson's bank account also must be excluded under Federal Rules of Evidence 1002 (Best Evidence Rule) and 802 (Rule Against Hearsay).

Under Rule 1002, "[a]n original writing . . . is required in order to prove its content unless these rules or a federal statute provides otherwise." This requirement is in line with longstanding precedent of the First Circuit demanding that "the best evidence that is obtainable in the circumstances of the case must be adduced to prove any disputed fact." *Sylvania Elec. Prods. v. Flanagan*, 352 F.2d 1005, 1007 (1st Cir. 1965). In any case wherein the terms of a writing are material to the issues in the case, "the original writing must be produced unless it is shown to be unavailable for some reason other than the serious fault of the proponent." *Sylvania Elec. Prods.*, 352 F.2d at 1008; *see Rodriguez v. Señor Frog's de la Isla, Inc.*, 642 F.3d 28, 34

(1st Cir. 2011) ("[T]he best-evidence rule requires a party trying to prove the 'content' of a written document to introduce the document itself." (citing F.R.E. 1002)).

Overlapping with the Best Evidence Rule, the Rule Against Hearsay restricts a party from introducing an out-of-court statement in court for the purpose of proving the truth of its contents. *See* F.R.E. 801(c), 802. Gibson may not testify as to statements contained in financial documents evidencing her purported personal loans and credit card advances to prove the truth of those statements absent the admission of such documents into evidence under a hearsay exception. Without the loan and other financial documents themselves, which may or may not be admissible under a hearsay exception, Gibson may not testify as to the contents of those documents, as such testimony would be inherently unreliable and inadmissible hearsay.

Finally, while under Rules 1002 and 801-802 Gibson might not be prevented from testifying to the bare fact that she has in the past received personal loans or credit card advances, such testimony is irrelevant and inadmissible under Rule 402 unless she can connect them to the specific deposits into her bank accounts that she has heretofore been unable to source. Such detail, however, would be derived from knowledge of the loan documents themselves and therefore inadmissible under Rules 1002 and 801-802. *See BKCAP, LLC v. Captec Franchise Trust 2000-1*, No. 3:07-cv-637, 2011 WL 4916590, at * 5 (N.D. Ind. Oct. 14, 2011) (explaining that the witness could testify as to the terms of the loan document if such "testimony was based on his first-hand knowledge of the conversation at the loan closing, rather than his knowledge of the document").

WHEREFORE, Plaintiff SEI respectfully requests that this Honorable Court preclude Defendant Gibson from offering evidence at trial of any personal loans or credit card advances that she received which she claims explains the deposit of large sums of money into her bank

account following the August 22, 2014 fraudulent wire transfer that she is alleged to have effectuated.

Dated: December 22, 2017

Respectfully submitted,

STERLING EQUIPMENT, INC.

By its attorneys,

/s/ Jeffrey E. Francis
Jeffrey E. Francis (BBO No. 639944)
jfrancis@pierceatwood.com
Michael Derderian (BBO #682757)
mderderian@pierceatwood.com
PIERCE ATWOOD LLP
100 Summer Street, 22nd Floor
Boston, MA 02110
617-488-8136

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I certify that I conferred with counsel for the Defendant and attempted in good faith to resolve or narrow the issues in this Motion, but have been unable to do so.

/s/ Jeffrey E. Francis
Jeffrey E. Francis

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2017, I electronically filed the above motion and related documents by using the CM/ECF system which will send notification of such filing(s) to all registered participants.

/s/ Jeffrey E. Francis
Jeffrey E. Francis